UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TEODOZJA KRASKA,

        *Plaintiff*,

  v.

RICHARD PIECIAK et al.,

        *Defendants*.

No. 25-cv-13610 (MEF)(SDA)

**OPINION and ORDER**

\* \* \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the allegations and procedural history of this case.

\* \* \*

The relevant allegations for now are as follows.

A woman[1] worked as a home health aide. See Complaint (ECF 1) ¶ 2. She was responsible for taking care of an elderly woman[2] "who suffered from Alzheimer's disease." Id. ¶ 2, 9.

She was not paid all the wages "to which she was entitled . . . under her employment agreement." Id. ¶ 32.

And although she often worked more than 40 hours a week, she was not paid overtime. See id. ¶ 25.

\* \* \*

---

[1] Teodozja Kraska.

[2] Zofia Pieciak.

In light of the above, the aide (from here, "the Plaintiff") sued the elderly woman and her two sons[3] (collectively, "the Defendants").

The Defendants have moved to dismiss.  See Defendants' Brief in Support of a Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Defendants' Brief") (ECF 3-1) at 2.

The motion is denied.

\* \* \*

The Plaintiff first claims that the Defendants violated the federal Fair Labor Standards Act ("FLSA") --- mainly by failing to pay her overtime when she worked 40+ hours in a given week.  See Complaint ¶¶ 25, 28, 38, 40-42, 49-50.

The Defendants argue that this claim cannot work.  See Defendant's Brief at 6-7.  There is a relevant "exemption," they say --- the FLSA does not apply to people who, like the Plaintiff, "provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves."  29 U.S.C. § 213(a)(15).

But the "application of an exemption under the Fair Labor Standards Act," like the Defendants' cited companionship exemption, "is a matter of affirmative defense on which the employer has the burden of proof."  Corning Glass Works v. Brennan, 417 U.S. 188, 196-97 (1974); see also Packard v. Pittsburgh Transp. Co., 418 F.3d 246, 250 (3d Cir. 2005).

And "a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense."  Schmidt v. Skolas, 770 F.3d 241, 251 (3d Cir. 2014); see also In re Adams Golf, Inc. Sec. Litig., 381 F.3d 267, 277 (3d Cir. 2004); United States v. Page, 116 F.4th 822, 829 (9th Cir. 2024); Michael Grecco Prods., Inc. v. RADesign, Inc., 112 F.4th 144, 154 (2d Cir. 2024).

Accordingly, courts within the Third Circuit "have uniformly held that unless it is apparent from the face of the complaint that an FLSA exemption applies, granting a motion to dismiss based on an exemption affirmative defense is inappropriate." Jackson v. Sweet Home Healthcare, 2017 WL 1333001, at *2 (E.D.

---

[3]  Richard Pieciak and Edward Pieciak.

2

Pa. Apr. 5, 2017); see also Marn v. ELS Educ. Servs., Inc., 2020 WL 7383193, at *4 (D.N.J. Dec. 15, 2020); McKinney v. Union City Med. Supply, Inc., 2019 WL 3812451, at *3 (D.N.J. Aug. 14, 2019).

Does the "face of the complaint," Jackson, 2017 WL 1333001, at *2, make it "apparent," id., that the FLSA companionship exemption kicks in here?

No. A federal regulation indicates that the companionship exception does not apply when the employee spends more than 20 percent of her time engaged in "the provision of care," 29 C.F.R. § 552.6(b). And here, the complaint alleges that the Plaintiff would "wake up about 6:00 am to take care of [the elderly woman] and would be on-call continuously until at least 10:00 pm through midnight." Complaint ¶ 18. This is much more than 20 percent of the Plaintiff's time.

\* \* \*

The Plaintiff also claims that the Defendants violated the New Jersey State Wage and Hour Law, mainly by failing to pay her overtime. See id. ¶¶ 25, 28, 54-55, 60-61.

The Defendants' response: the claim must be dismissed because the Plaintiff "only provide[d] services for less than 25 hours per week" and was paid all of the "wages [to] which [she] was entitled." Defendants' Brief at 8.

But on a motion to dismiss, the complaint's allegations must be taken as true, see McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009), and per the complaint the Plaintiff worked "18 hours per day, 7 days per week." Complaint ¶ 22; see id. ¶ 25 (noting that the Plaintiff "regularly work[ed] in excess of 40 hours per week); id. ¶ 55 (similar); id. ¶ 67 (similar).

And also per the complaint, "[the] Plaintiff was not paid for all hours worked." Id. ¶ 27.

A "movant cannot prevail on a motion to dismiss by asserting that the true facts are not as alleged in the [c]omplaint." Meds. Co. v. Eagle Pharms, Inc., 2016 WL 4418230, at *1 (D.N.J. Aug. 17, 2016); see also Acevedo v. Monsignor Donovan High Sch., 420 F. Supp. 2d 337, 342 (D.N.J. 2006) (similar); Zas v. Canada Dry Bottling Co. of New York, L.P., 2014 WL 3396486, at *1 (D.N.J. July 9, 2014) (similar); Su v. Li, 2011 WL 3329882, at *5 (D.N.J. Aug. 1, 2011) (similar).

3

But that is what the Defendants are attempting to do here.

\* \* \*

Same problem as to the Plaintiff's breach of contract claim. The Defendants say that claim cannot work as to the elderly woman's two sons, because "[at] all relevant times, [the] Plaintiff and [the elderly woman], alone, had a contract." Defendants' Brief at 5. But that is not what the complaint alleges. See id. ¶ 30 (claiming that the Plaintiff "entered into a contract with [the] Defendants to work as [a] caretaker/health aide in exchange for hourly wages") (emphasis added).

Similarly, the Defendants argue that there can be no breach of any contract because they complied with it. "It is not disputed," they argue, "that [the] Plaintiff set [an] $840.00 per week salary" and that she, in fact, "received $840.00 every week as per the Agreement." Defendant's Brief at 5.

But the assertion that the contract called for a weekly $840 payment is contained only in a legal brief, so it is out of bounds here. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

And in any event, the complaint, whose allegations must be taken as true for now, does not allege that the Plaintiff received what was due to her under the contract. Quite the opposite. See id. ¶ 32 (alleging that the Defendant-sons "fail[ed] or refus[ed] to pay [the] Plaintiff all of the wages to which she was entitled under her employment agreement").

\* \* \*

Finally, the Defendants argue that the Plaintiff's unjust enrichment claim (and the quantum meruit claim, too) must be dismissed because those remedies are available "only when there is not a contract at all." Defendants' Brief at 6.

But the law is more specific than that: "an unjust enrichment claim cannot work when it simply duplicates the contentions that are pressed under a claim for breach of a written contract." 18W Holdings, Inc. v. Sing for Serv., LLC, 763 F. Supp. 3d 651, 663 (D.N.J. 2025) (emphasis added).

Here, the Plaintiff alleges that she "was short paid," Complaint ¶ 24, because the Defendants did not pay her the required

4

overtime. See id. And this "short pa[yment]," id., is at the heart of her unjust enrichment/quantum meruit claims.

Does the Plaintiff's demand for additional payment just "duplicate[]," 18W Holdings, 763 F. Supp. 3d at 663, what she was supposed to get anyway under the contract that was assertedly breached? Maybe. But the Defendants[4] do not try to explain why that might be the case --- and therefore have not made any argument as to why there is remedial "duplicat[ion]" here, between the breach of contract claim on the one hand and the unjust enrichment/quantum meruit claims on the other.

\* \* \*

The motion to dismiss at ECF 3 is denied.

IT IS on this 7th day of January, 2026, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

[4] Who have the burden. See Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

5